UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KESHAWN THOMAS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>KELLY SANTORO, Warden,<br><br>　　　　Respondent. | No.  1:21-cv-01571-ADA-HBK (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 1, 8) |

Petitioner Keshawn Thomas is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 15, 2022, the assigned magistrate judge issued findings and recommendations recommending that the Court abstain from exercising jurisdiction and dismiss the petition without prejudice because petitioner's state court appeal was still pending before the California Supreme Court.  (Doc. No. 8.)  Those findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.*)  On May 5, 2022, petitioner timely filed objections. (Doc. No. 9.)  In relevant part, petitioner noted that on April 20, 2022, subsequent to the filing of the findings and recommendations, the

1

California Supreme Court issued a decision.  Thus, petitioner argued that the appellate proceedings have concluded and "request[ed] that the Court issue a Certificate of appealability." (Doc. No. 9.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case.  As of the date of this Order, the California Fifth District Court of Appeal had vacated petitioner's sentence and remanded the case to the trial court for a new sentencing hearing.  *People v. Thomas*, F078649, 2022 WL 2207833, at *3 (Jun. 21, 2022).[1] There is a docket entry in the trial court for the sentencing judge to review the remittitur at a hearing on October 12, 2022.[2]  In light of petitioner's ongoing state proceedings, as indicated in the findings and recommendations, the Court should abstain from exercising jurisdiction under *Younger*.  *Younger v. Harris*, 401 U.S. 37, 44 (1971).  Thus, having carefully reviewed the entire file, including petitioner's objections, the court holds the findings and recommendations to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253.  Where, as here, the court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In the present

---

[1] The appellate court issued a remittitur on August 22, 2022. Docket for People v. Thomas (Case Number F078649), CALIFORNIA COURTS: APPELLATE COURTS CASE INFORMATION, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=5&doc_id=2275807&doc_no=F078649&request_token=NiIwLSEmPkw6WyBFSCNNUEJJQFg7UExbJCBeXz5RICAgCg%3D%3D.

[2] Criminal Case Search, SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO, https://publicportal.fresno.courts.ca.gov/FRESNOPORTAL/Home/Dashboard/29 (search for trial court number F15907476).

case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on April 15, 2022 (Doc. No. 8) are adopted in full;
3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed without prejudice;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

   Dated:   September 13, 2022

UNITED STATES DISTRICT JUDGE

3